IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLEE SCALLON, a California resident,
and JAY GAIRSON, a Washington resident,
Individually and Derivatively on Behalf of
HENRY ENTERPRISES, INC.,

       Plaintiffs,

   v.

SCOTT HENRY'S WINERY CORP.,
an Oregon corporation, CALVIN HENRY,
III, an Oregon resident, SYNTHIA
BEAVERS, an Oregon resident, SHERRY
KEARNEY, an Oregon resident, WILLIAM
DAVID HENRY, an Oregon resident,
CHRISTINA KRUSE, an Oregon resident,
and PAUL FELKER, an Oregon resident,

      Defendants,

   and

HENRY ENTERPRISES, INC., an Oregon
corporation.
       Nominal Defendant.

_____

Case No. 6:14-cv-1990-MC
OPINION AND ORDER

1 – OPINION AND ORDER

MCSHANE, Judge:

Plaintiffs Leslee Scallon and Jay Gairson ("Plaintiffs") bring this derivative proceeding on behalf of Henry Enterprises, Inc. ("HEI") against certain current and past officers and directors of HEI, certain tenants of HEI, a shareholder of HEI and his private corporation, and HEI's former accountant (collectively, "Defendants"). HEI moves to stay the proceeding under ORS 60.952(6)(f) and force Plaintiffs to sell all of their shares in HEI. *See* ECF No. 23. Because ORS 60.952 does not apply to derivative proceedings, HEI's motion is DENIED.

## BACKGROUND[1]

This case involves a close corporation, HEI, held by three family groups: the Scott Henry Family Group (33.26%), the Lura Scallon Family Group (38.40%), and the Bill Henry Family Group (28.34%). Of those shares of HEI, plaintiffs Leslee Scallon and Jay Gairson, who are members of the Lura Scallon Family Group, own 4.52% and 0.99%, respectively. Plaintiffs represent the interests of HEI's shareholders who are similarly situated in enforcing the rights of the corporation.

The extensive family history and details of the complaint are not necessary to resolve the current motion. Plaintiffs allege that certain defendants have utilized HEI's land for their personal benefit and advanced money to themselves from HEI's treasury, all to HEI's detriment. The treasurer and the accountant of HEI were allegedly complicit in this behavior. The board of directors of HEI and the shareholders refused to take action against the parties that harmed HEI's interests, so Plaintiffs brought this derivative action on behalf of HEI.

---

[1] The court takes all relevant facts in this opinion from the allegations in the First Amended Verified Shareholders' Derivative Complaint and Complaint for Declaratory Relief.

2 – OPINION AND ORDER

**DISCUSSION**

"In a proceeding by a shareholder in a corporation that does not have shares listed on a national securities exchange," the Oregon circuit courts may order the dissolution of the corporation, or one of several lesser remedies, if one of the following conditions is met:

> (a) The directors are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock and irreparable injury to the corporation is threatened or being suffered, or the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally, because of the deadlock;
>
> (b) The directors or those in control of the corporation have acted, are acting or will act in a manner that is illegal, oppressive or fraudulent;
>
> (c) The shareholders are deadlocked in voting power and have failed, for a period that includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired; or
>
> (d) The corporate assets are being misapplied or wasted.

ORS 60.952(1). In order to avoid dissolution or other court-ordered remedies, "the corporation or one or more shareholders may elect to purchase all the shares owned by the shareholder who filed the proceeding for their fair value." ORS 60.952(6). In the complaint, Plaintiffs allege that Defendants misappropriated HEI's assets, which would trigger ORS 60.952(1)(d) if the statute applies to derivative proceedings.[2]

Both parties agree that HEI is a close corporation that does not have shares listed on a national securities exchange, and the claims in the complaint only invoke the rights of HEI,[3] so

---

[2] Plaintiffs bring one equitable claim for relief related to the allocation of two deceased family members' shares, but a contractual claim based on the Shareholder Agreement does not fall within any of the four categories of misconduct required by ORS 60.952(1)(a)-(d) in order to invoke ORS 60.952(6).

[3] In this case, Plaintiffs have not alleged a distinct harm or the breach of a special duty, so the complaint can only be a derivative claim on behalf of HEI. *See Noakes v. Schoenborn*, 116 Or. App. 464, 471 (1992) ("A wrongful act that diminishes the value of stock and thereby injures shareholders only indirectly, by reason of the prior injury to the corporation, is derivative. The general rule is that such claims must be brought in the name of the corporation. However, a well-recognized exception is that, in a closely held corporation, minority shareholders may bring a direct

3 – OPINION AND ORDER

the issue before this Court is whether a derivative proceeding, as defined in ORS 60.261, is "a proceeding by a shareholder" as required by ORS 60.952. This is an issue of statutory construction, so under Oregon law I must look to: (1) the text and context of the statute; (2) the legislative history; and (3) general maxims of statutory construction to resolve any remaining uncertainties. *State v. Gaines*, 346 Or. 160, 171-72 (2009).

## I. Text and Context

### A. Text

"In this first level of analysis, the text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent." *Portland Gen. Elec. Co. v. Bureau of Labor and Indus.*, 317 Or. 606, 610 (1993) (superseded by statute on other grounds). ORS 60.261(1) states: "A person may not commence a proceeding in the right of a . . . corporation unless the person was a shareholder of the corporation when the transaction complained of occurred[.]" By definition, a derivative proceeding must be *initiated* by a shareholder. However, this does not necessarily mean that a derivative proceeding is "a proceeding *by* a shareholder" because derivative proceedings are something of a legal fiction.[4]

ORS 60.952 does not define the word "by," and when terms are not specifically defined, Oregon courts often look to the dictionary definition for the meaning the parties would naturally have intended. *Comcast Corp. v. Dept. of Rev.*, 356 Or. 282, 295-96 (2014). The dictionary defines "by" as "through the agency or instrumentality of" or "on behalf of." *Merriam Webster's*

---

action, rather than a derivative action, if they allege harm to themselves distinct from the harm to the corporation or a breach of a special duty owed by the defendant to the shareholders.") (internal citations omitted).
[4] A corporation's board of directors will almost never sue themselves for harming the corporation, which creates the need for a derivative proceeding. *See Koster v. Lumbermans Mut. Cas. Co.*, 330 U.S. 518, 522 (1947) ("The stockholder's derivative action . . . is an invention of equity to supply the want of an adequate remedy at law to redress breaches of fiduciary duty by corporate managers."). Consequently, in order to commence a derivative proceeding, the complaint "must allege with particularity the demand made, if any, to obtain action by the board of directors and either that the demand was refused or ignored or why a demand was not made." ORS 60.261(2).

*Collegiate Dictionary* 157 (10th ed. 1996). Using the latter definition, ORS 60.952 would require "a proceeding *on behalf of* a shareholder." While a direct shareholder lawsuit is unequivocally brought on behalf of the shareholder, "Derivative suits are brought on behalf of the corporation." *Metal Tech Corp. v. Metal Teckniques Co.*, 74 Or. App. 297, 302 (1985). Therefore, a derivative proceeding could not be "a proceeding *on behalf of* a shareholder" because the proceeding is brought on behalf of the corporation.

Using the former definition, ORS 60.952 would require "a proceeding *through the agency or instrumentality of* a shareholder." Whether this definition would apply to derivative proceedings is not entirely clear. The shareholder's position in initiating a derivative proceeding is merely a procedural requirement to compel the corporation to sue. Some states even have statutory provisions that allow corporations to appoint independent Special Litigation Committees to take over derivative proceedings once a shareholder files notice. *See Kollman v. Cell Tech Intern., Inc.*, 250 Or. App. 163, 169 (2012) ("Cell Tech's presence here, by way of its Special Litigation Committee, is as a party that has been substituted for Kollman on Kollman's derivative claims.") (interpreting Delaware law). Once the Special Litigation Committee takes over, the derivative proceeding is no longer "through the agency or instrumentality of" a shareholder. It would be odd if a majority shareholder had a statutory right to buy out a complaining shareholder who pursues a derivative action, but that right could then disappear the moment the Special Litigation Committee took over the proceeding.

Even if a derivative proceeding is "through the agency or instrumentality of" a shareholder, it is certainly not "on behalf of" a shareholder. Because both are plausible interpretations, the text of the statutory provision is ambiguous. *See Godfrey v. Fred Meyer Stores*, 202 Or. App. 673, 686 (2005) ("[T]he threshold for ambiguity is a low one. It does not

5 – OPINION AND ORDER

require that competing constructions be equally tenable. It requires only that a competing construction not be wholly implausible.") (internal quotations omitted).

### B. Context

"Also at the first level of analysis, the court considers the context of the statutory provision at issue, which includes other provisions of the same statute and other related statutes." *Portland Gen. Elec. Co.*, 317 Or. at 611. The context for ORS 60.952 is ORS 60.661 and its predecessor ORS 57.595.

Prior to the 2001 amendment, ORS 60.952 did not exist, and ORS 60.661 applied to all corporations, public and private.[5] In its current form, ORS 60.661 contains nearly identical language to ORS 60.952, but ORS 60.661 now only applies to publicly traded corporations.[6] It has the same four triggering requirements as ORS 60.952(1) and also requires "a proceeding by a shareholder." ORS 60.661, in turn, derived from the former ORS 57.595, which also contained nearly identical language to ORS 60.952.[7] No Oregon court has ever applied ORS 60.952, ORS 60.661, or ORS 57.595 to a derivative proceeding involving a close corporation. To the contrary, several Oregon court decisions have pointed out the differences between a derivative proceeding and a direct shareholder action under ORS 60.952 or its predecessors.

In a recent dispute between shareholders of a close corporation, the Oregon Court of Appeals noted, "[Plaintiff's] first amended complaint alleged both a derivative claim and a claim under ORS 60.952." *Hickey v. Hickey*, 269 Or. App. 258, 278 (2015). Prior to the 2001 amendment, the Oregon Court of Appeals reviewed a case where a minority shareholder of a

---

[5] *See* S.B. 118, 71st Leg., 2001 Oregon Laws Ch. 315.
[6] As further evidence that ORS 60.952 and its predecessors are shareholder oppression statutes for direct shareholder actions, this Court notes that since the 2001 amendment, no Oregon court appears to have decided a single case under ORS 60.661.
[7] *See Jackson v. Nicolai-Neppach Co.*, 219 Or. 560, 561-62 (1959).

6 – OPINION AND ORDER

close corporation sued the majority shareholder for oppressive conduct under ORS 60.661 and included a separate derivative claim for breach of fiduciary duty. *See Weiner Inv. Co. v. Weiner*, 105 Or. App. 339, 341-42 (1991). The *Weiner* court determined that a trier of fact could infer that the majority shareholder engaged in oppressive conduct under ORS 60.661, as well as breached his fiduciary duties under the derivative claim, and remanded the case for trial. *Id*. at 343. Although neither court was specifically asked to decide if ORS 60.952 or ORS 60.661 applied to derivative claims, the courts implicitly acknowledged the difference.

Other Oregon courts, however, have explicitly highlighted the difference. In a 1973 close corporation dispute, shareholders moved to dissolve the corporation under ORS 57.595 because of allegedly oppressive conduct by the majority shareholders. *See Baker v. Commercial Body Builders, Inc.*, 264 Or. 614 (1973). In response to the prospect of also redistributing dividends back to the corporation,[8] the Oregon Supreme Court stated that such an issue "is normally litigated by a stockholder's derivative suit, rather than in a suit of this kind." *Id. at 636*. There, the court drew an explicit distinction between a direct shareholder suit under ORS 57.595 (the language of which is now ORS 60.952) and a derivative proceeding, yet Defendants in this case insist that a derivative suit *is* a proceeding under ORS 60.952. If this were true, then the Oregon Supreme Court would have had no reason to distinguish a shareholder's derivative suit from a direct shareholder action under ORS 57.595.[9]

Although the Oregon courts have not directly addressed whether a derivative proceeding allows the majority shareholders to buy out the minority shareholder and dismiss the derivative

---

[8] In their Third Claim for Relief, Plaintiffs in the case before this Court also request the redistribution of dividends to the corporation.
[9] For another example, when a close corporation shareholder brought a derivative counterclaim against the secretary/treasurer, the Oregon Court of Appeals commented that the shareholder could have separately sought to dissolve the corporation under ORS 60.661. *Horton v. Whitehill*, 121 Or. App. 336, 342 n.7 (1993).

action, other state courts with substantially similar statutes have ruled on the issue. In Virginia, a minority shareholder of a close corporation brought a direct action for judicial dissolution as well as a derivative claim against the majority shareholder. *See Cattano v. Bragg*, 283 Va. 638 (2012).[10] The defendant claimed that a shareholder bringing a direct action could not also bring a derivative claim. *Id.* at 645. Although the defendant in *Cattano* argued the issue of standing, the *Cattano* court's analysis in refusing to stay or dismiss the derivative proceeding is instructive here. First, the court explained that the remedy of returning funds misappropriated by an officer to the corporation was proper for a derivative action. *Id.* at 648. Second, the court noted that the Supreme Court allows attorneys' fees in a derivative action, as opposed to a direct shareholder action, which demonstrates that the two are separate and distinct. *Id.* Third, the court concluded that a judicial dissolution action cannot act as a bar to a derivative claim because it is "a remedial mechanism that exists in addition to, rather than as a substitute for, shareholders rights." *Id.* at 649.

In New York, which has a similar buyout statute for close corporations,[11] an appellate court held that defendants could not use the statutory buyout mechanism to force a plaintiff to sell his shares against his will. *See Fedele v. Seybert*, 250 A.D. 2d 519 (1998). In *Fedele*, the plaintiff minority shareholder alleged the majority stockholders breached their fiduciary duties through misappropriating corporate assets and breach of contract. *Id.* at 520. The plaintiff

---

[10] Like ORS 60.952, the Virginia close corporation dissolution statute requires "a proceeding by a shareholder" that alleges, "The corporate assets are being misapplied or wasted." VA Code Ann. § 13.1-747(1)(d). Virginia also has a statute that gives shareholders the right in such a proceeding to purchase the petitioning shareholder's shares for fair value. VA Code Ann. § 13.1-749.1(A).

[11] *See* McKinney's Business Corporation Law § 1104-a, which provides that minority shareholders in a close corporation may petition for dissolution if the "property or assets of the corporation are being looted, wasted, or diverted for non-corporate purposes…" Majority shareholders then have a buyout option under § 1118.

requested a form of common law dissolution, but only as an alternative remedy to his request for

damages. In reversing the lower court's decision to order a forced buyout, the court held:

> To permit the forced buy-out of plaintiff's shares under these circumstances
> would offend rather than advance the goals underlying both § 1104–a and §
> 1118. It is undeniable that the non-petitioners' right of election provided by §
> 1118(a) was intended to provide those shareholders with a method of
> preserving the corporation, and staving off dissolution requested by a minority
> shareholder. That purpose is not furthered in this case where the plaintiff has
> made clear he does not want to dissolve the corporation, and requests that
> relief only alternatively.

*Id*. at 523-24.

In another New York case that did involve a direct shareholder action for statutory

judicial dissolution, the court still determined that the statutory buyout option did not preclude a

separate derivative proceeding. *See Markman v. Exterior Delite, Inc*., 14 Misc. 3d 910 (2006).

First, the court noted that the statutory buyout was a "defense mechanism" to provide non-

petitioning shareholders an absolute right to avoid dissolution. *Id*. at 913. The court then

concluded:

> [T]he exercise of an option to buy pursuant to BCL § 1118 does not preclude
> a derivative claim of corporate waste and looting. As the courts have
> reasoned, to preclude a shareholder from pursuing a derivative action, which
> if successful, would enhance the corporations' assets and the shareholder's
> proportionate interest therein, would be to reward the alleged wrongdoers in
> control of the corporation by permitting them to involuntarily silence, and
> economically injure, a minority stockholder who seeks redress on behalf of
> the corporation for that wrongdoing.

*Id* at 916.

In the case before this Court, Defendants do not need a defense mechanism to avoid

dissolution because Plaintiffs do not seek dissolution. Plaintiffs do not even request dissolution

as an alternative remedy, nor do they allege any specific harm to themselves as individual

shareholders that would allow for a direct shareholder action under ORS 60.952. To the contrary,

9 – OPINION AND ORDER

Plaintiffs desire to retain their shares of HEI. Defendants have not identified any case in Oregon, or any other state, where a court has forced a plaintiff to sell his or her shares against the plaintiff's will in a direct or derivative shareholder action.

## II. Legislative History

Defendants insist that the Oregon legislature intended ORS 60.952 to resolve conflicts like the case before this Court. I disagree. When the Oregon legislature enacted ORS 60.952, it did so knowing that Oregon courts had not once applied either ORS 57.595 or ORS 60.661 to any derivative proceedings involving a close corporation. Additionally, ORS 60.261, which governs derivative proceedings, was enacted in 1987. If the legislature had wanted to incorporate derivative proceedings under ORS 60.261 into ORS 60.952 in 2001, it could have done so. "[I]t can be strongly presumed that Congress will specifically address language on the statute books that it wishes to change." *United States v. Fausto*, 484 U.S. 439, 453 (1988). Repeals by implication are strongly disfavored, "unless there is a clear repugnancy between the two." *Id.* at 452-53.

There is no clear repugnancy between ORS 60.952 and its predecessors. In fact, the relevant language is nearly identical, which gives no indication that the Oregon legislature intended ORS 60.952 to apply to proceedings that ORS 60.661 and ORS 57.595 did not. ORS 60.952 merely incorporated equitable remedies other than judicial dissolution into the statute that the Oregon courts had long since adopted through judicial common law. *See Hickey*, 269 Or. App. at 270 ("the legislative history suggests an intention to provide statutory remedies to address instances of oppression and other misconduct in close corporations and to reflect or codify remedies that Oregon courts had previously recognized and granted.").

10 – OPINION AND ORDER

To the extent the text and legislative history are still ambiguous, I move on to general maxims of statutory construction.

## III. General Maxims of Statutory Construction

The avoidance canon is dispositive in this case. "When confronted with competing, reasonable constructions of a statute, and there is even a tenable argument that one of them would render the statute unconstitutional, we generally favor the other construction." *Pete's Mountain Homeowners Ass'n v. Or. Water Res. Dept.*, 236 Or. App. 507, 522 (2010).

The right to a jury trial in diversity cases is a matter of federal law. *Simler v. Conner*, 372 U.S. 221, 222 (1963). Under the United States Constitution, "the right to jury trial attaches to those issues in derivative actions as to which the corporation, if it had been suing in its own right, would have been entitled to a jury." *Ross v. Bernhard*, 396 U.S. 531, 532-33 (1970). In this case, Plaintiffs bring legal claims on behalf of the corporation, and "legal claims are not magically converted into equitable issues by their presentation to a court of equity in a derivative suit. The claim pressed by the stockholder against directors or third parties is not his own but the corporation's." *Id.* at 538. If ORS 60.952 permits a defendant to remove legal claims in a derivative proceeding from the province of the jury and instead present them to a judge in a court of equity, then ORS 60.952 is unconstitutional. Because this is the interpretation Defendants advance to this Court, I must reject Defendants' interpretation of ORS 60.952 in favor of Plaintiffs' contention that ORS 60.952 does not apply to derivative proceedings.

In addition to the United States Constitution, analysis under Oregon law results in the same conclusion because equitable relief is not appropriate if there is an adequate remedy at law. *Alsea Veneer, Inc. v. State*, 318 Or. 33, 43 (1993). Even if the plaintiff pleads for equitable relief,

11 – OPINION AND ORDER

Oregon courts will not invoke their equitable jurisdiction if adequate relief may be obtained in law. *Prehall v. Weigal*, 232 Or. App. 148, 158 (2009).

A request for money damages is a legal remedy, *id.*, and whether a claim is legal or equitable "depends primarily on the nature of the relief sought and received, not on the issues raised or decided." *Naito v. Naito*, 178 Or. App. 1, 4 n.3 (2001). In this case, Plaintiffs request monetary damages in favor of HEI, and ORS 60.261 provides a mechanism for Plaintiffs to obtain a full remedy at law on behalf of the corporation. Plaintiffs have alleged harm only to HEI and not to any particular shareholders, whereas an equity court obtains jurisdiction under ORS 60.952 and its predecessors "when those in control of a corporation have engaged in conduct which is oppressive *toward other shareholders* . . . to decree dissolution if the circumstances warrant, or to fashion other appropriate *equitable relief*[.]" *Delaney v. Georgia-Pacific Corp.*, 278 Or. 305, 324-25 (1977) (emphasis added).

Because Plaintiffs request monetary damages in favor of HEI and do not allege oppressive conduct to other shareholders, ORS 60.952 cannot be applied to the derivative claims without violating the corporation's right to a jury trial under federal or Oregon law.

## CONCLUSION

For the reasons above, I decline to extend the scope of ORS 60.952 to derivative proceedings. HEI's motion to stay all claims, ECF No. 23, is DENIED. HEI also moves for entry of a protective order, ECF No. 30, seeking to stay discovery pending the conclusion of mediation. Defendants Sherry Kearney, William David Henry, and Christina Kruse joined that motion. *See* ECF No. 43. Defendants argue the cost of complying with Plaintiffs' discovery requests will consume valuable company resources. While I understand Defendants' concerns, this is a federal lawsuit with millions of dollars of alleged damages to HEI. And while mediation

12 – OPINION AND ORDER

is often useful, I will not force a party to engage in mediation against its will. HEI's motion for a

protective order, ECF No. 43, is DENIED. That said, I am available to resolve any discovery

disputes that should arise. We can discuss possible ways to keep costs down at the rule 16

conference later this month.

IT IS SO ORDERED.

DATED this 13th day of May, 2015.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

13 – OPINION AND ORDER