IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLEE SCALLON, a California resident,
and JAY GAIRSON, a Washington resident,
Individually and Derivatively on Behalf of
HENRY ENTERPRISES, INC.,

        Plaintiffs,

  v.

SCOTT HENRY'S WINERY CORP.,
an Oregon corporation, CALVIN HENRY,
III, an Oregon resident, SYNTHIA
BEAVERS, an Oregon resident, SHERRY
KEARNEY, an Oregon resident, WILLIAM
DAVID HENRY, an Oregon resident,
CHRISTINA KRUSE, an Oregon resident,
and PAUL FELKER, an Oregon resident,

        Defendants,

  and

HENRY ENTERPRISES, INC., an Oregon
corporation.

        Nominal Defendant.

Case No. 6:14-cv-1990-MC

ORDER

_____

1 – OPINION AND ORDER

MCSHANE, Judge:

As I stated during the May 26, 2015 rule 16 conference, I stayed this action on February 2, 2015. *See* ECF No. 20. As far as the Court was concerned, this stay was in place until lifted at the rule 16 conference. As noted at the rule 16 conference, I was under the impression that no activity, other than activity related to mediation, would take place during the stay. During the stay, plaintiffs served defendants with written interrogatories and other discovery requests. Defendant Henry Enterprises, Inc. moved for a protective order staying discovery until the court ruled on a pending motion to purchase plaintiffs' shares and, in the alternative, to stay discovery pending the conclusion of mediation attempts. *See* ECF No. 30.

In a May 13, 2015 opinion, I denied Henry Enterprises, Inc.'s motions. Plaintiffs now move for $4,207.50 in attorney's fees allegedly incurred in responding to the motion for a protective order. ECF No. 47. The motion for fees is DENIED. As noted at the rule 16 conference, due to the stay, plaintiffs should have moved to lift the stay before engaging in discovery requests. For that reason alone, Henry Enterprises, Inc.'s motion for a protective order was substantially justified.

Additionally, I note that requesting $4,207.50 to respond to this particular motion for a protective order is somewhat troubling. The parties, as well as the Court, have discussed ways to keep the rapidly rising fees in this action as low as possible. Incurring over $4,000 in fees responding to a generic motion is no way to keep costs down. As noted at the rule 16 conference, I prefer dealing with discovery disputes via a short telephone call. This discovery dispute should have been resolved absent court intervention. Barring that, it could have been resolved in a quick call with the Court.

All parties are on notice that the Court will take a hard look at future requests for fees and costs. Plaintiffs' motion for fees, ECF No. 47, is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of June, 2015.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

3 – OPINION AND ORDER