IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLEE SCALLON, a California resident,
and JAY GAIRSON, a Washington resident,
Individually and Derivatively on Behalf of
HENRY ENTERPRISES, INC.,

        Plaintiffs,

    v.

SCOTT HENRY'S WINERY CORP.,
an Oregon corporation, CALVIN HENRY,
III, an Oregon resident, SYNTHIA
BEAVERS, an Oregon resident, SHERRY
KEARNEY, an Oregon resident, WILLIAM
DAVID HENRY, an Oregon resident,
CHRISTINA KRUSE, an Oregon resident,
and PAUL FELKER, an Oregon resident,

        Defendants,

    and

HENRY ENTERPRISES, INC., an Oregon
corporation.

        Nominal Defendant

_____

Case No. 6:14-cv-1990-MC
OPINION AND ORDER

MCSHANE, Judge:

On May 13, 2015, the Court issued an order denying nominal defendant Henry

Enterprises, Inc.'s ("HEI") motion to stay all claims under ORS 60.592. ECF No. 44. HEI now

moves to certify that order for interlocutory appeal and to stay this action pending resolution of

that appeal. ECF No. 56. Because the question of whether ORS 60.592 applies to derivative

proceedings is a matter of first impression upon which reasonable jurists could disagree, and

_____

because HEI may well be irreparably harmed absent a stay, and such a stay will not severely prejudice plaintiffs, this matter is stayed and certified for interlocutory appeal.

## BACKGROUND

Minority shareholders Leslee Scallon and Jay Gairson ("Plaintiffs") bring this derivative proceeding on behalf of HEI, a closely held Oregon corporation. Generally, Plaintiffs allege certain shareholders and directors of HEI used company property and funds for their personal benefit. Plaintiffs' claims date back decades, beginning in the early seventies. In response to the lawsuit, HEI sought to buyout the Plaintiffs' shares in HEI pursuant to Oregon's close corporation buyout statute, ORS 60.952. Under the statute a court may allow a corporation to buyout all the shares of a shareholder who filed the action, effectively terminating the litigation. The statute requires that the proceeding against the corporation be "by a shareholder." This Court concluded that ORS 60.952 does not apply to derivative proceedings because a derivative proceeding is not "a proceeding by a shareholder." HEI moves to certify the question of whether ORS 60.952 applies to derivative proceedings for interlocutory appeal, and requests a stay of this proceeding pending the outcome of that appeal.

## STANDARDS

Under 28 U.S.C. § 1292(b), a district judge may grant a motion to certify his order for interlocutory appeal where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*; *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

_____

Under 28 U.S.C. § 1292(b), a stay pending appeal is an exercise of judicial discretion, not a matter of right. The Supreme Court provides four factors to be considered when exercising that discretion: 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## ANALYSIS

This Court concluded ORS 60.952 does not apply to Oregon's closely held corporation buyout statute. Because the application of the statute will effectively end this litigation by forcing a buyout of Plaintiffs' shares, the question is a controlling question of law in this instance. Reasonable jurists may disagree on whether ORS 60.592 applies to derivative actions. This Court ruled that a derivative action is a proceeding by a corporation, brought by the shareholders on behalf of the corporation, and is not "a proceeding by a shareholder." However, reasonable jurists may find that a derivative action is simultaneously a proceeding by a shareholder and the corporation. Because this is the controlling question of law in the case, an interlocutory appeal may materially advance the ultimate disposition of this case.

Finally, a stay pending disposition of the interlocutory appeal is appropriate here. The question for appeal is a matter of first impression and HEI makes strong, non-frivolous, arguments that ORS 60.592 applies to derivative actions. On the record during oral argument, this Court commented that this issue presented a very close question. In fact, this Court's "initial reaction is that this is simple; this basic rule of statutory construction favors the defense."

_____

Transcript, 18; ECF No. 50.  That this Court ultimately  disagreed with HEI does not mean that its argument is not without merit.

HEI may be irreparably harmed absent a stay pending  appeal.  The purpose of the buyout statute is to avoid prolonged  and expensive  litigation  that could cause unnecessary or terminal harm to the corporation.  Failure to stay this proceeding  would effectively deny HEI meaningful use of the statute, regardless of the result of its appeal.

Furthermore, Plaintiffs' claims date back many decades.  A comparatively  brief delay to resolve this potentially  dispositive  issue of law cannot be said to cause Plaintiffs  substantial injury.  To the contrary, staying this action merely preserves the status quo. Additionally,  the public  interest lies with correctly resolving  the question of law at issue here, which potentially impacts all future derivative  actions  involving  Oregon closely held corporations.

## CONCLUSION

HEI's motion  to certify the May 13, 2015 order for interlocutory  appeal, ECF No. 56, is GRANTED.  All matters are stayed pending  disposition  of HEI's interlocutory  appeal.  HEI's request for oral argument  is DENIED as unnecessary. The parties shall file a joint status report within  two weeks of a final Ninth Circuit order on HEI's interlocutory  appeal.

IT IS SO ORDERED

DATED this 30th day of September, 2015

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

_____