IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LESLEE SCALLON, a California resident, and JAY GAIRSON, a Washington resident, Individually and Derivatively on Behalf of HENRY ENTERPRISES INC.<br><br>       Plaintiffs,<br><br>  v.<br><br>SCOTT HENRY'S WINERY CORP., an Oregon corporation, et al.,<br><br>       Defendants,<br><br>  and<br><br>HENRY ENTERPRISES, INC., an Oregon Corporation,<br><br>       Nominal Defendant.<br>_____ | Case No. 6:14-cv-1990-MC<br><br>OPINION AND ORDER |

MCSHANE, Judge:

One year ago, the Court issued its findings and conclusions regarding the fair value of shares held by Plaintiffs in Defendant Henry Enterprises, Inc (HEI). June 15, 2022, Opinion and Order; ECF No. 212. That opinion outlined the overwhelming evidence that, for many decades,

1 – ORDER

Defendant Calvin "Scott" Henry (Scott Henry) treated the corporation as his personal piggy bank. When Scott Henry wanted HEI's most valuable land to build a winery for himself, he took it. He never bothered (or even considered) paying rent to HEI. When Scott Henry wanted money, he simply signed a check and transferred funds from HEI's account to his personal bank account. When other board members attempted to stop this practice by requiring two signatures on every HEI check, Scott Henry ignored the board and continued to unilaterally sign HEI checks for his own personal benefit. For decades, Scott Henry assured other shareholders that he would one day settle his debt to HEI. Scott Henry perpetually kicked that can down the road, refusing to even confirm with other shareholders the amount of the debt. His disinterest in accounting for his own debt stands in stark contrast to the exacting focus with which he treated other shareholders' debts to HEI. These findings are laid out in greater detail in the Court's June 2022 Opinion and Order and the Court need not rehash those findings here.

Given the actions of the Scott Henry Defendants throughout this litigation, the Court was not surprised to learn that the parties were unable to come to an agreement on any remedy or buyout.[1] As the Court noted in the June 2022 Opinion, the Scott Henry Defendants neither disagreed with the amount of the debt nor attempt to resolve it. Rather than simply settle up, the Scott Henry Defendants forced the other parties to engage in expensive, unnecessary litigation. With the exception of the Scott Henry Defendants, every party to this action asks the Court to buyout not the Plaintiffs' shares in HEI, but to instead buyout Scott Henry's shares.[2] Given the history of this litigation over the past decade, it is no surprise that the Scott Henry Defendants (1)

---

[1] Synthia Beavers holds a power of attorney for her father, Scott Henry. Scott Henry has dementia. The Court refers to Scott Henry, Synthia Beavers, and Scott Henry's Winery Corp. as the "Scott Henry Defendants."

[2] Nominal Defendant HEI notes that it "has been working hard with all parties to facilitate a reasonable and fair resolution but it does not believe it can take a position in the ultimate disposition of the case and, therefore, defers to the Court's judgment." ECF No. 227.

2 – ORDER

ask the Court to order HEI to buyout Plaintiffs' shares and (2) include no provisions for assuring Scott Henry's debt is repaid. This is but the latest example of the Scott Henry Defendants attempts at avoiding paying what Scott Henry essentially stole from HEI. Given the unique circumstances present here, the Court agrees with the proposals recommending the Court order HEI to buyout Scott Henry's shares.

      The Court agrees that the buyout must take into account that the essentially frivolous position taken by the Scott Henry Defendants unnecessarily caused HEI and the other individual parties to incur over $1,000,000 in fees and costs.[3] Those fees and costs must be factored into the buyout. After accounting for Scott Henry's debt, Scott Henry's remaining shares are valued at roughly $500,000. This amounts to nearly 1/3 of the fees the Scott Henry Defendants forced the other parties to needlessly incur over the past decade. This buyout is necessary because the Scott Henry Defendants have indicated they will take whatever steps are necessary to avoid paying their fair share. They will file state court actions against the other parties and attorneys. They will no doubt appeal the coming Judgment in this action. The only equitable outcome here is to incorporate Scott Henry's debt in the buyout, if for no other reason that it appears to be the only way to make sure that debt will be repaid. Simply buying out the Plaintiffs without also resolving Scott Henry's debt would admittedly be a great boon to the Scott Henry Defendants. However, such a result would be patently unfair to the other named Defendants. The Court explained its view of this action in its fair share order issued last year:

---

[3] This does not account for approximately $400,000 in attorney's fees incurred by Plaintiffs' attorneys. Although HEI is on the hook for those fees, the Scott Henry Defendants are responsible for the vast majority of those fees. Simply settling up back in 2014, as Scott Henry previously forced other shareholders to do, would have avoided a decade of litigation. Equity demands that the Court redeem Scott Henry's shares to pay fees and costs he and his daughter caused to be incurred. As the Court previously concluded, needlessly prolonging litigation in a baseless attempt to keep the land under the winery is a frivolous position.

3 – ORDER

...

> The Scott Henry Defendants view HEI's role as protecting the Scott Henry Defendants over the other HEI shareholders. While wiping out the substantial debt would certainly result in a lower buyout of Plaintiffs' shares, the Scott Henry Defendants appear to not realize that the Passive Defendants would be similarly impacted. The only beneficiaries of the Scott Henry Defendants' strategy are the Scott Henry Defendants. This view, unsurprisingly, mirrors the view Scott Henry held as to HEI's assets over the past 40 years. But HEI has a duty to treat all shareholders equally. This is especially so in an action sounding in equity. The argument also ignores the fact, purposefully or not, that Plaintiffs are current shareholders in HEI. But seeing arguments like these merely confirms for the Court why this litigation is ongoing nearly a decade after being filed, despite the Scott Henry Defendants' acknowledgment of the debt at issue and Mr. Gadawski's appraisal of HEI's undisputed assets. Having seen the full tab Scott Henry ran up, Scott Henry and Synthia Beavers are reluctant to be called to finally settle up.

June 15, 2022 Op. and Order, 8 (footnote omitted).

The Court now expressly finds that the Scott Henry Defendants decided to drive up the cost of this litigation in the hope doing so would persuade the other parties to allow the Scott Henry Defendants to keep the vineyard and winery as a condition of settlement. Given the Scott Henry Defendants' position during this litigation, equity demands that the Scott Henry Defendants are responsible, at least to the extent Scott Henry has shares to redeem, for the attorney fees incurred over the past decade.

As noted, the Court made explicit findings and conclusions in its June 15, 2022, Opinion and Order. The Court agrees with the arguments and proposals contained in Plaintiffs' briefing (ECF No. 230) and the briefing of Defendants William David Henry, Christina Kruse, and Sherry Kearney (ECF No. 228). The Court concludes Plaintiffs' Option 1 Proposed Order is the most equitable outcome. The Court will sign and docket that Proposed Order contained in Exhibit A of Plaintiffs' Proposed Equitable Remedy and Proposed Order (ECF No. 230). Regarding attorney's fees, the Court previously warned the parties that any application for fees

4 – ORDER

> The Scott Henry Defendants view HEI's role as protecting the Scott Henry Defendants over the other HEI shareholders. While wiping out the substantial debt would certainly result in a lower buyout of Plaintiffs' shares, the Scott Henry Defendants appear to not realize that the Passive Defendants would be similarly impacted. The only beneficiaries of the Scott Henry Defendants' strategy are the Scott Henry Defendants. This view, unsurprisingly, mirrors the view Scott Henry held as to HEI's assets over the past 40 years. But HEI has a duty to treat all shareholders equally. This is especially so in an action sounding in equity. The argument also ignores the fact, purposefully or not, that Plaintiffs are current shareholders in HEI. But seeing arguments like these merely confirms for the Court why this litigation is ongoing nearly a decade after being filed, despite the Scott Henry Defendants' acknowledgment of the debt at issue and Mr. Gadawski's appraisal of HEI's undisputed assets. Having seen the full tab Scott Henry ran up, Scott Henry and Synthia Beavers are reluctant to be called to finally settle up.

June 15, 2022 Op. and Order, 8 (footnote omitted).

The Court now expressly finds that the Scott Henry Defendants decided to drive up the cost of this litigation in the hope doing so would persuade the other parties to allow the Scott Henry Defendants to keep the vineyard and winery as a condition of settlement. Given the Scott Henry Defendants' position during this litigation, equity demands that the Scott Henry Defendants are responsible, at least to the extent Scott Henry has shares to redeem, for the attorney fees incurred over the past decade.

As noted, the Court made explicit findings and conclusions in its June 15, 2022, Opinion and Order. The Court agrees with the arguments and proposals contained in Plaintiffs' briefing (ECF No. 230) and the briefing of Defendants William David Henry, Christina Kruse, and Sherry Kearney (ECF No. 228). The Court concludes Plaintiffs' Option 1 Proposed Order is the most equitable outcome. The Court will sign and docket that Proposed Order contained in Exhibit A of Plaintiffs' Proposed Equitable Remedy and Proposed Order (ECF No. 230). Regarding attorney's fees, the Court previously warned the parties that any application for fees

must be reasonable. Although the Court will have to resolve the fee issue in order to redeem Scott Henry's Shares, the Court would like to avoid a protracted dispute, if possible, on fees and costs.

IT IS SO ORDERED.

    DATED this 9th day of August, 2023.

                                                             /s/ Michael McShane
                                                       Michael J. McShane
                                           United States District Judge