IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LESLEE SCALLON, a California resident, and JAY GAIRSON, a Washington resident, Individually and Derivatively on Behalf of HENRY ENTERPRISES INC.<br><br>        Plaintiffs,<br><br>  v.<br><br>SCOTT HENRY'S WINERY CORP., an Oregon corporation, et al.,<br><br>        Defendants,<br><br>  and<br><br>HENRY ENTERPRISES, INC., an Oregon Corporation,<br><br>        Nominal Defendant. | Case No. 6:14-cv-1990-MC<br><br>OPINION AND ORDER |

_____

MCSHANE, Judge:

1 – ORDER

In June 2022, the Court issued findings and conclusions regarding the actions of the Scott Henry Defendants.[1] ECF No. 212. The Court made additional findings in the August 2023 Opinion when it concluded that equity demanded HEI buyout the shares of the Scott Henry Defendants. ECF No. 236. The Court incorporates those findings and conclusions here. The Court agrees completely with the summary at the beginning of David Henry and Christina Kruse's Reply:

> The Scott Henry Defendants [] have taken unreasonable positions in this litigation, as well as in settlement negotiations. They have repeatedly and consistently refused to make arrangements to pay Scott's debt, or even acknowledge the debt in the litigation, without a good faith basis, forcing the other parties and the Court to incur unnecessary costs of trial, discovery, depositions and briefing. In settlement discussions, the Scott Henry Defendants have sought a resolution that they could not possibly obtain in the litigation. Specifically, they have insisted on HEI giving them a portion of HEI's Shambrook property.
>
> * * * *
>
> The Scott Henry Defendants' refusal to take responsibility for this litigation has already cost all of the other HEI shareholders dearly. They will never be able to recover the past decade of their lives in which they have been embroiled in litigation, unable to move HEI forward, because of Scott Henry's (and his daughter, Syndi's) refusal to repay their debt. HEI has also spent over $1 million in attorney's fees and costs, including costs advanced for indemnity, in defending this litigation, none of which would have been necessary had the Scott Henry Defendants truthfully acknowledged and taken responsibility for their debt.

ECF No. 252, 2-3.

One of the few remaining issues is determining the amount of reasonable attorney fees. Here, every party (other than the Scott Henry Defendants) agrees that Scott Henry's refusal to quantify and repay his debt is the reason Plaintiffs filed this action a decade ago. "HEI has also spent over $1 million in attorney's fees and costs, including costs advanced for indemnity, in

---

[1] The "Scott Henry Defendants" are Scott Henry, Scott Henry's Winery Corporation, and Syndi Beavers. Scott Henry passed away on October 26, 2023. ECF No. 255.

2 – ORDER

defending this litigation, *none of which would have been necessary had the Scott Henry Defendants truthfully acknowledged and taken responsibility for their debt*." ECF No. 252, 3 (emphasis added). "At all times, and with every configuration of the Board, HEI has sought to resolve Scott Henry's underlying debt to HEI, *which is the sole reason that this case exists*." ECF No. 251, 2 (emphasis added). When the other shareholders' longstanding attempts to have Scott Henry quantify and repay his debt "failed, *Plaintiffs had no choice but to file this suit*." ECF No. 250, 2 (emphasis added). The Court could not agree more.

      This is an instance where "literally everything the defendant did—his entire course of conduct throughout, and indeed preceding, the litigation—was part of a sordid scheme to defeat a valid claim."[2] *Lu v. United States*, 921 F.3d 850, 860 (9th Cir. 2019) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187-88 (2017) (cleaned up). All of the legal fees incurred by every party in this action were caused by the conduct of the Scott Henry Defendants. As this Court has explained in some detail in previous opinions, for the past decade, those Defendants had one goal: to keep the winery while avoid repaying valid debts.[3] This is an instance where equity demands the buyout of the Scott Henry Defendants shares must be offset to account for the needless attorney's fees they caused the other parties to incur. At first blush, this may seem like a remarkable action. But the Scott Henry Defendants actions here have been nothing short of remarkable.

      While the Scott Henry Defendants rehash stale arguments in asking the Court to award no fees, they make no objection to either the amount of hours spent or the reasonableness of the requested hourly rates. The Court, however, has independently reviewed the requests.

---

[2] "The Defendant" in this instance refers to Scott Henry and Syndi Beavers.
[3] It is clear the Scott Henry Defendants also sought to avoid tax liabilities they created.

3 – ORDER

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986).

The Court GRANTS each motion for fees and costs. *See* ECF Nos. 238, 244, & 249. HEI's first motion for fees, ECF No. 239, is DENIED as moot based on ECF No. 249.

Plaintiffs are awarded $411,461.30 in fees and $12,959.88 in costs. Plaintiffs request post judgment interest of 9% under ORS 82.010(2). As this is a federal case, however, federal law governs the post judgment interest rate. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998). This rate is calculated at a rate equal to the weekly average 1-year constant maturity treasury yield for the calendar week preceding the date of judgment. Plaintiffs are entitled to post-judgment interest of 5.14%. http://www.federalreserve.gov/releases/h15/current (last visited December 15, 2023).

Defendant HEI spent $1,081,616.47 in fees and $44,638.83 in costs.

Defendant Sherry Kearney spent $148,620.50 in fees.

All of the above fees are reasonable. In buying out the shares of the Scott Henry Defendants, HEI may offset that purchase amount by the amount of fees above. This is consistent with the August 9, 2023, Order. ECF No. 237. This offset applies only to the buyout of those shares; i.e., the Court does not intend to make any of the Scott Henry Defendants personally liable for any attorney fees beyond the value of the shares the Scott Henry Defendants

4 – ORDER

hold in HEI. After accounting for Scott Henry's debt, his shares were worth roughly $500,000. As this is well below the amount of attorney fees to be offset, the remaining shares have no value to be paid by HEI and are simply extinguished.

IT IS SO ORDERED.

    DATED this 18th day of December, 2023.

                                                      /s/ Michael McShane  
                                                     Michael J. McShane  
                                              United States District Judge