IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LESLEE SCALLON, a California resident, and JAY GAIRSON, a Washington resident, Individually and Derivatively on Behalf of HENRY ENTERPRISES INC. | Case No. 6:14-cv-1990-MC<br><br>OPINION AND ORDER |

        Plaintiffs,

  v.

SCOTT HENRY'S WINERY CORP., an Oregon corporation, et al.,

        Defendants,

  and

HENRY ENTERPRISES, INC., an Oregon Corporation,

        Nominal Defendant.

_____

MCSHANE, Judge:

1 – ORDER

In January 2024, the Court entered a Judgment in this decade-old case. ECF No. 259. As relevant here, the Judgment ordered all shares of Henry Enterprises, Inc. held by the Scott Henry Defendants to be extinguished and/or deemed repurchased.[1] ECF No. 259. All parties are familiar with the lengthy history of this case and the multiple prior orders detailing the actions of the Scott Henry Defendants and why those actions justified extinguishing their shares in HEI. The Court will not belabor those actions here.

Surprising no one, the Scott Henry Defendants now move, over the objections of all other parties, to stay that Judgment pending their appeal. ECF No. 263. The Scott Henry Defendants regurgitate arguments this Court rejected on numerous prior instances over the past ten years. The Court understands the Scott Henry Defendants disagree with the Court's conclusions concerning the scope of remedies available in this action sounding in equity. But the current motion to stay looks to be simply the latest attempt by the Scott Henry Defendants to avoid settling up their debt to HEI. The Scott Henry Defendants make only a half-hearted attempt at meeting their burden to demonstrate a stay is appropriate.

Importantly, the Scott Henry Defendants demonstrate no likelihood of success on the merits of their appeal. As noted, the Scott Henry Defendants merely argue that because the underlying claims against them were "stayed," the Court abused its authority in determining the Scott Henry Defendants owed HEI well over $1,000,000 before interest. As they have done for the past several years, the Scott Henry Defendants choose to ignore the vast equitable powers the Oregon legislature placed in courts' hands when resolving shareholder disputes in closely held corporations like HEI.

---

[1] The "Scott Henry Defendants" are Scott Henry, Scott Henry's Winery Corporation, and Syndi Beavers. Scott Henry passed away on October 26, 2023. ECF No. 255.

2 – ORDER

The Court agrees with Plaintiffs that rather than demonstrate a "strong" showing of their likelihood to succeed on the merits, the Scott Henry Defendants instead "merely rehashed the same losing arguments that have been addressed by this Court *ad nauseum*." ECF No. 264, 3. Additionally, the Scott Henry Defendants fail to demonstrate that absent a stay, they will be irreparably harmed. Although the Scott Henry Defendants argue that absent a stay, HEI may pursue certain actions that they do not agree with, the Scott Henry Defendants only maintain a 30% ownership. As minority owners, the Scott Henry Defendants have always been exposed to the risk that the majority owners of HEI may take certain actions that the minority owners do not agree with.

Additionally, the Court agrees with the non-moving parties that they would be substantially harmed in the event the Court stays the Judgment pending appeal. If the Scott Henry Defendants remain as shareholders, they are entitled to certain rights such as the right to sensitive corporate information, the right to bring derivative actions as shareholders, and the right to shareholder distributions. "To avoid potential claims by SH Defendants and future costly litigation, HEI and its shareholder[s] will essentially be required to remain in a 'hold pattern' pending the outcome of the appeal[.]" ECF No. 264, 6. The Court agrees. The Scott Henry Defendants have already caused HEI to squander millions of dollars in baseless litigation. The motion to stay is yet another attempt to drive up the costs on the non-moving parties until those parties give the Scott Henry Defendants what they have wanted all along; i.e. to forgive their debts in exchange for the land under the winery. To the surprise of no one, the Scott Henry Defendants do not even offer to post a nominal bond while they continue their appeal. The Court concludes the Scott Henry Defendants have wasted enough of HEI's assets.

3 – ORDER

Because the Scott Henry Defendants have not even attempted to meet the requirements for a stay pending appeal, their motion for stay pending appeal, ECF No. 263, is DENIED.

IT IS SO ORDERED.

DATED this 28th day of March, 2024.

                                                                                      _____/s/ Michael McShane_____
                                                                                        Michael J. McShane
                                                                        United States District Judge